## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | |
|---|---|
| **RANDY HOWERTON,** | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action No. 5:21-00117 |
| **MAJOR D.J.,** *et al.*, | ) |
| **Defendants.** | ) |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is the issue as to whether Plaintiff has failed to prosecute this civil action. For the reasons explained below, the undersigned respectfully recommends that the District Court dismiss this action without prejudice.

### PROCEDURE AND FACTS

On February 12, 2021, Plaintiff Damron, acting *pro se*, filed an Amended Complaint seeking relief for alleged violations of his and other inmates' constitutional and civil rights pursuant to 42 U.S.C. § 1983, in Civil Action No. 5:21-00085. (Civil Action No. 5:21-00085, Document No. 5.) Plaintiff Damron indicated that he was filing the instant action on behalf of himself and as a representative for the following Plaintiffs: (1) Floyd Michel Lane; (2) Brandon Michel Lane; and (3) Randy Howerton. (Id.) As Defendants, Plaintiff Damron named the following: (1) Major D.J.; (2) Cpt. Burton; (3) Sgt. Lester; (4) Sgt. Cox; (5) Corp. Clear; (6) Corp. Cox; (7) Corp. Tony; (8) Corp. Hanes; (9) Corp. Coulture; (10) Corp. Grant; (11) Corp. Wimmer; (12) Corp. Powers; (13) Corp. Mitchum; (14) Corp. Booth; (15) Corp. Sturgil; (16) Officer Maxwell; (17) Corp. Sampson; (18) Corp. Pack; and (19) Counselor Martin. (Id.) Plaintiff Damron requests injunctive relief. (Id.)

By Notice entered on February 16, 2021, the Court advised Plaintiff Damron that he was precluded from prosecuting claims on behalf of the other named Plaintiffs as it would constitute the unauthorized practice of law. (Id., Document No. 6.) The undersigned notified Plaintiff Damron that if he wished to proceed with his Section 1983 claim, he should amend his Complaint to exclude Plaintiffs F. Lane, B. Lane, and Howerton. (Id.) Concerning Plaintiffs F. Lane, B. Lane, and Howerton, the undersigned directed that a new Section 1983 action be opened on behalf of each Plaintiff. (Id.) The undersigned considered the Amended Complaint filed on February 12, 2021 as an attempt to initiate a Section 1983 action by Plaintiffs F. Lane, B. Lane, and Howerton, and directed the Clerk to open a new civil action as to each and include therein a copy of Plaintiff Damron's Amended Complaint (Document No. 5) and the foregoing Order. (Id.) The undersigned further directed that if Plaintiffs F. Lane, B. Lane, and Howerton, wished to proceed with a Section 1983, each Plaintiff should each file a separate, Amended Complaint naming "persons" as defendants and stating specific facts as to how each defendant violated his constitutional rights. (Id.) The Court further notified Plaintiffs F. Lane, B. Lane, and Howerton, that each must either pay the Court's filing fee ($350) and administrative fee ($52) totaling $402, or file an Application to Proceed Without Prepayment of Fees. (Id.) Finally, the undersigned notified Plaintiffs that failure to comply with the above requirements by March 16, 2021, "will result in a recommendation of dismissal of this matter without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia." (Id.) Plaintiff Howerton, however, has not filed his Amended Complaint, paid the filing fee or filed an Application to Proceed Without Prepayment of Fees, or responded to the Court's Order that was entered more than seven months

ago. (See Case No. 5:21-cv-00117.)

## ANALYSIS

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to dismiss an action for a *pro se* plaintiff's failure to prosecute *sua sponte*.[1] See Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962)("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); United States ex. rel. Curnin v. Bald Head Island Ltd., 381 Fed.Appx. 286, 287 (4th Cir. 2010)("A district court has inherent authority to dismiss a case for failure to prosecute, and Rule 41(b) 'provides an explicit basis for the sanction.'")(quoting Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991)). Rule 41.1 of the Local Rules provides:

> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

---

[1] Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

3

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

(i) the degree of personal responsibility of the plaintiff;
(ii) the amount of prejudice caused the defendant,
(iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
(iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). The foregoing factors are not meant to be applied as a rigid, formulaic test, but rather serve to assist the Court, along with the particular circumstances of each case, in determining whether dismissal is appropriate. Id. In consideration of the first factor, the Court finds no indication that anyone other than Plaintiff is responsible for his lack of participation. Since February 12, 2021, Plaintiff has done absolutely nothing to demonstrate an interest in prosecuting this action. Plaintiff failed to take action despite his receipt of the Court's Order dated February 16, 2021. The Court notes that there is no indication that forces beyond Plaintiff's control are the cause of his neglect. The undersigned concludes that Plaintiff is solely responsible for his lack of participation in the instant action.

Consideration of the second factor reveals no prejudice to the Defendants. No defendant has been served with process in the above case. With respect to the third factor, the Court will consider whether Plaintiff has a history of "deliberately proceeding in a dilatory fashion." The record is void of any evidence that Plaintiff has been "deliberately" dilatory. Plaintiff, however, has completely failed to take any action in these proceedings for more than seven months. This Court has determined that "only a history of dilatory action" by a plaintiff weighs in favor of dismissal under the third factor. See Hanshaw v. Wells Fargo Bank, N.A., 2014 WL 4063828, *

4 (S.D.W.Va. Aug. 14, 2014)(J. Johnston)("[A]lthough the Court lacks sufficient facts to determine whether Plaintiffs' failure to act is deliberate, in light of the absolute failure to participate in this civil action since the stay was lifted, the Court finds that [the third] factor weighs against Plaintiff.") Accordingly, the undersigned finds the above factor weighs against Plaintiff.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Plaintiff that should not be invoked lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against Plaintiff would be unjust in view of Plaintiff's status as a *pro se* litigant. Moreover, explicit warnings of dismissal would be ineffective in view of Plaintiff's failure to respond to the Court's Orders directing a response by Plaintiff.[2] In consideration of all factors, the undersigned concludes that dismissal for failure to prosecute is warranted. Accordingly, the undersigned recommends that this action be dismissed without prejudice[3] unless Plaintiff is able to show good cause for his failure to prosecute.

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Plaintiff's Complaint (Document No. 2) without prejudice, and remove this matter

---

[2] The undersigned notes that it is Plaintiff's obligation to notify the Court of any change of address or other contact information. L.R. Civ. P. 83.5("A *pro se* party must advise the clerk promptly of any changes in name, address, and telephone number.").

[3] Rule 41(b) provides for dismissal with prejudice "[u]nless the dismissal order states otherwise." The undersigned recommends dismissal without prejudice because there is no evidence that Plaintiff acted "deliberately" in his failure to prosecute or that Plaintiff initiated this action in bad faith. *See Hanshaw*, 2014 WL 4063828, at * 5.

from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Volk and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: September 21, 2021.

Omar J. Aboulhosn
United States Magistrate Judge